IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AVALON CORRECTIONAL SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAVENSWOOD INVESTMENT COMPANY, ) <br> L.P. and RAVENSWOOD INVESTMENTS ) <br> III, L.P., ) <br> ) <br> Defendants. ) | Case No._____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Avalon Correctional Services, Inc., seeking declaratory relief against Defendants Ravenswood Investment Company, L.P., and Ravenswood Investments III, L.P. (collectively, "Defendants") and hereby alleges and states as follows:

### INTRODUCTION

1. This case is an action for declaratory relief pursuant to 28 U.S.C. § 2201. It arises from a request, pursuant to Oklahoma law, of the Defendants, who are shareholders of Plaintiff, to inspect the books and records of the Plaintiff, which is a company incorporated under the laws of Nevada.

2. The laws of Oklahoma and Nevada differ greatly on the amount of information that a corporation is required to provide to a shareholder. Under Nevada law, a corporation is not required to permit shareholders to review the books and records of the corporation, as long as the corporation furnishes its stockholders a detailed, annual financial statement or has filed the necessary reports required by section 13 or section 15(d) of the Securities Exchange Act of 1934. There is no such exception under Oklahoma law.

3. Plaintiff has met the requirements of the exception detailed in the Nevada law.

4. While it is well settled law that the local law of the state of incorporation, which is Nevada in this case, will be applied to determine the rights of a shareholder, Defendant has asserted that Oklahoma law provides that Defendant is entitled to inspection Plaintiff's books and records.

5. Plaintiff therefore brings this lawsuit to determine whether it is governed by Nevada or Oklahoma law in regards to Plaintiff's inspection request.

## PARTIES

6. Plaintiff is a Nevada corporation that owns or operates correctional facilities in four states: Oklahoma, Texas, Colorado, and Wyoming. Plaintiff's home office is located in Oklahoma City, Oklahoma.

7. Defendants are shareholders of Plaintiff and are New York limited partnerships with their principal places of business in the State of New York.

## JURISDICTION AND VENUE

Plaintiff restates the allegations contained in all previous paragraphs as if fully restated herein.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201. Complete diversity exists and the amount in controversy meets the requirements of section 1332, as Defendants are New York limited partnerships with their principal places of business in the State of New York and they have issued a voluminous request to inspect and examine books and records that deal with practically every facet of Defendant and Defendant's subsidiaries' business and operations, with some requests encompassing a time period of ten (10) years or more. The assembling of such information, which will require the assistance of attorneys, accountants, and

other professionals will exceed $75,000.00. Additionally, the basis of the request for inspection are false allegations of mismanagement, breaches of fiduciary, waste of corporate assets and self-dealing which allege potentially millions of dollars in damages.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Oklahoma.

## BACKGROUND

Plaintiff restates the allegations contained in all previous paragraphs as if fully restated herein.

10. On January 13, 2008, Plaintiff received a voluminous books and records inspection demand from Defendants, who demanded to see an extremely wide range of documents and materials that touches on almost every activity taken by Plaintiff for the past five (5) years and, in some cases, from the inception of the company.

11. According to Defendants' demand, it was being made pursuant to OKLA. STAT. tit. 18, §§ 1065, 1002(A), and 1130(D). Defendants assert that any company that is qualified to transact business in the state of Oklahoma is subject to section 1065, which provides that any shareholder may inspect the books and records of a corporation. Defendants state, "Avalon . . . qualified to do business in the State of Oklahoma on August 26, 1992. Accordingly, Avalon is subject to the Inspection Statute."

12. Plaintiff was incorporated in the State of Nevada on September 14, 1990 and filed, as a foreign entity, with the Oklahoma Secretary of State on August 26, 1992.

13. A shareholder's right to inspect the books and records of a Nevada company is governed by NEV. REV. STAT. 78.257. Paragraph six (6) of that statute states:

> Except as otherwise provided in this subsection, the provisions of this section do not apply to any corporation that furnishes to its stockholders a detailed, annual financial statement or any corporation that has filed during the preceding 12 months all reports required to be filed pursuant to section 13 or section 15(d) of the Securities Exchange Act of 1934 . . . .

Plaintiff has complied with the requirements of this section by furnishing audited, annual financial statements, as well as quarterly financial statements, to the shareholders. Therefore, Defendants have no right, under Nevada law, to inspect the books and records of Plaintiff.

14. If Plaintiff were treated as an Oklahoma corporation, Defendants would presumably be entitled to inspect the Plaintiff's books and records under Oklahoma law (provided a proper purpose was shown).

15. As a result, this Court is being ask to determine whether Oklahoma or Nevada law is applicable in this situation.

## FIRST CAUSE OF ACTION

### (Declaratory Relief of Conflict of Law)

Plaintiff restates the allegations contained in all previous paragraphs as if fully restated herein.

16. There is a real and actual controversy between Plaintiff and Defendants regarding whether Oklahoma or Nevada law applies to Defendants' demand to inspect Plaintiff's books and records.

17. Defendants contend that Oklahoma law is applicable and that they are entitled to inspect the books and records of the Plaintiff.

18. Plaintiff contends that Nevada law is governing, since Plaintiff is a Nevada corporation, and, therefore, Defendants are not entitled to inspect Plaintiff's books and records.

19. Section 303 of the Restatement(2d) of Conflicts states, "The local law of the state of incorporation will be applied to determine the right of a shareholder to participate in the administration of the affairs of the corporation . . . ."

20. Comment "b" to Section 302 of the Restatement of Conflicts states, "[u]niform treatment of directors, officers and shareholders is an important objective which can only be attained by having the rights and liabilities of those persons with respect to the corporation governed by a single law. This will be the local law of the state of incorporation. . . ."

21. In First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611, 621 (1983), the Court held, "the law of the state of incorporation normally determines issues relating to the internal affairs of a corporation" because "[a]pplication of that body of law achieves the need for certainty and predictability of result while generally protecting the justified expectations of parties with interests in the corporation."

22. The commonly recognized practice of the laws of the state of incorporation governing the internal workings of a corporation is called the "internal affairs doctrine." See, TLX Acquisition Corp. v. Telex Corp., 679 F. Supp. 1022 (W.D. Okla. 1987).

23. Plaintiff owns or operates correctional facilities in four (4) different states. The "internal affairs doctrine" prevents Plaintiff and its shareholders from being subject to the inconsistency of five (5) different sets of laws (including Nevada) regarding stock voting rights, inspection rights, and other internal workings of Plaintiff. To allow Defendants to forum shop and proceed with their request under Oklahoma law would create uncertainty and unpredictability not only for Plaintiff, but for Plaintiff's shareholders, creditors, and other interested parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that Nevada law is applicable and precludes Defendants' request for the inspection of Plaintiff's books and records;

2. An award to Plaintiff for the costs of this action, including reasonable attorneys' fees; and

3. An award of such further relief as the Court deems just and appropriate.

Respectfully submitted,

s/ Rodney Nixon
Eric Gray, OBA # 3548
Rodney Nixon, OBA # 19686
Avalon Correctional Services, Inc.
13401 Railway Drive
Oklahoma City, Oklahoma 73114
(405) 752-8802
(405) 752-8852 (fax)
e_gray@avaloncorrections.net
rnixon@avaloncorrections.net
*Attorneys for Plaintiff*