### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AVALON CORRECTIONAL SERVICES, INC., | ) ) ) | |
| Plaintiff and Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | |
| RAVENSWOOD INVESTMENT COMPANY, L.P., and RAVENSWOOD INVESTMENTS III, L.P., | ) ) ) ) | Case No.  09-CV-70-R |
| Defendants, Counterclaimants, and Third-Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| DONALD E. SMITH, | ) ) | |
| Third-Party Defendant. | ) | |

### UNOPPOSED MOTION TO REALIGN PARTIES AND BRIEF IN SUPPORT

Plaintiff and Counterclaim Defendant Avalon Correctional Services, Inc. ("Avalon") and Third-Party Defendant Donald E. Smith ("Smith") request that this Court enter an order realigning the parties in this matter.  Counsel for Avalon and Smith has conferred with counsel for Defendants Ravenswood Investment Company, L.P. and Ravenswood Investments III, L.P. (together "Ravenswood") and is authorized to state that Ravenswood does not oppose this motion.  In support of this Motion to Realign Parties ("Motion"), Avalon and Smith would show the Court as follows:

1.       On January 16, 2009, Avalon commenced this case by filing a Complaint for declaratory judgment as to the inspection demand made by Ravenswood.  *See Complaint [Dkt. 1].*

2.       On January 26, 2009, Ravenswood filed its Answer, Counterclaim and Third Party Claim against Avalon and named Smith as a third party defendant.  *See, Answer, Counterclaims, and Third Party Claims [Dkt. 6].*  The claims asserted by Ravenswood were subsequently amended on February 19, 2009.  *See Amended Answer, Counterclaim and Third Party Claim [Dkt. 18].*

3.       In their Amended Counterclaim and Third Party Claim, Ravenswood asserted several derivative claims for breach of fiduciary duty, as well as an inspection demand claim and a claim for an election of directors.  Ravenswood also asserted direct and class action claims, but these were dismissed by the Court on May 6, 2009.  *See Order Granting in Part and Denying in Part Motion to Dismiss [Dkt. 30].*

4.       On April 17, 2009, Ravenswood filed its Motion for Partial Summary Judgment on its inspection demand which was the only relief sought in Avalon's Complaint and which was the subject of Ravenswood's 9th Counterclaim among other things.  *See Motion for Partial Summary Judgment [Dkt. 28].*  On July 22, 2009, the Court entered its order granting in part and denying in part Ravenswood's Motion for Partial Summary Judgment.  *See, Order [Dkt. 41].*  As it relates to this Motion, this Court granted Ravenswood's Motion for Partial Summary Judgment on the inspection demand.  *Id.*

5. Subsequently the Court modified the Order Granting Partial Summary Judgment and the parties were directed confer in good faith in an attempt to reach an agreement as to scope of the documents to be provided for inspection and the timing and location of inspection. *See, Order [Dkt. 64].* The parties are in the process of complying with the Court's order and this Motion does not seek to impact or change the Court's order on the inspection demand in any respect.

6. As the Court recognized in the discussion held at the status conference held on September 3, 2009, Ravenswood is essentially the plaintiff in this matter since the only claim asserted by Avalon for declaratory judgment on the inspection demand has been determined by the Court in its order on the partial summary judgment motion filed by Ravenswood.

7. The only affirmative claims pending are the derivative claims asserted by Ravenswood against Smith as a third party defendant to which Avalon is a nominal party and the Eleventh Counterclaim of Ravenswood that seeks to compel Avalon to hold an annual meeting of shareholders at which an election of directors will be held. This latter claim is the subject of a pending motion to dismiss. *See, Motion to Dismiss Eleventh Counterclaim as Moot [Dkt. 43]/*

8. At the conclusion of the September 3, 2009 status conference, this Court entered a Scheduling Order *[Dkt. 57]* that sets forth the standard deadlines for discovery and other pretrial matters. The Scheduling Order as entered appears to treat both Avalon and Smith as Plaintiff and calls for the Plaintiff to be the first to file their expert disclosures, exhibit and witness lists, and trial submissions. Ravenswood as "Defendant"

3

as the Scheduling Order presently stands would then be responding.  Since Ravenswood is the party with the affirmative claims, Smith and Avalon will be defending against Ravenswood's claims so the Scheduling Order should more properly treat Ravenswood as the Plaintiff with Avalon and Smith as the Defendants.

9. Avalon and Smith therefore request that the Court realign the parties and that for purposes of the Scheduling Order and further proceedings in this case that Ravenswood be designated Plaintiff and that Smith and Avalon be designated as Defendants.  A proposed new caption to be used on the case from and after entry of the order approving the relief requested in this Motion is attached as Exhibit 1.  The parties also request that the Court enter an Amended Scheduling Order changing the names of the Plaintiffs and the Defendants for purposes of clarity.

10. Courts often realign parties for jurisdictional purposes and, when doing so, have a duty to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'"  *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) (quoting *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713 (1905)).  Here there are no jurisdictional reasons why the realignment as requested in this Motion cannot be granted to recognize the true plaintiff and the true defendants in this case.  If the realignment is granted as requested, this Court will still have complete diversity jurisdiction over this matter.

11. The requested alignment will not delay this matter in any respect.

12. A proposed order is being simultaneously submitted.

WHEREFORE Plaintiff and Counterclaim Defendant Avalon and Third-Party Defendant Smith respectfully request that the Court enter an order realigning the parties as requested in this Motion.

Dated September 21, 2009.

                                          Respectfully submitted,

                                          s/ Judy Hamilton Morse
                                          Judy Hamilton Morse, OBA #6450
                                          CROWE & DUNLEVY
                                          A Professional Corporation
                                          20 North Broadway, Suite 1800
                                          Oklahoma City, OK 73102-8273
                                          (405) 235-7700
                                          (405) 239-6651 (Facsimile)
                                          judy.morse@crowedunlevy.com

                                          ATTORNEYS FOR PLAINTIFF AVALON
                                          CORRECTIONAL SERVICES, INC.

                                          And

                                          s/ James A. Kirk
                                          *(signature applied by filing counsel*
                                          *with permission)*
                                          James A. Kirk, OBA #5046
                                          James M. Chaney, OBA #1606
                                          KIRK & CHANEY
                                          101 Park Avenue, Suite 800
                                          Oklahoma City, Oklahoma 73102
                                          (405) 235-1333 Telephone
                                          (405) 235-5914 Facsimile

                                          ATTORNEY FOR THIRD PARTY
                                          DEFENDANT, DONALD E. SMITH

## Certificate of Service

I hereby certify that on this 21st day of September, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rodney Nixon
Eric Gray
Avalon Correctional Services, inc.
13401 Railway Drive
Oklahoma City, OK 73114
*e_gray@avaloncorrections.net*
*rnixon@avaloncorrections.net*

Leif E. Swedlow
Andrews Davis, P.C.
100 N. Broadway, Suite 3300
Oklahoma City, Ok 73102
*lswedlow@andrewsdavis.com*

William C. Rand
Law Office of William Coudert Rand
711 Third Avenue, Suite 1505
New York, NY  10017
*wcrand@wcrand.com*

Matthew J. Day
Law Office of Matthew J. Day
380 Lexington Avenue, Suite 1700
New York, NY  10168
*mjday@mjdaylaw.com*

James Kirk
Kirk & Chaney
101 Park Avenue, Suite 800
Oklahoma City, Ok 73102
(405) 235-1333/Telephone
(405) 235-5914/Fax
*kirk@kirkandchaney.com*

    s / Judy Hamilton Morse
    Judy Hamilton Morse