## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAVENSWOOD INVESTMENTS III, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  09-CV-00070-R |
| AVALON CORRECTIONAL SERVICES, INC., TIFFANY SMITH and DONALD E. SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO DROP PARTY AND
## PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR
## NOTICE

Before the Court is the *Agreed Motion to Drop Party and Stipulation and Agreement of Settlement* [Dkt. 163] (the "Stipulation") filed by the parties to the above-captioned action.  The Court has considered the submissions of the parties and has determined, solely as a result of the proposed settlement (without prejudice to the rights of any parties in the event the settlement is not approved), that Ravenswood Investment Company, L.P. ("RIC") is a dispensable party and that its dismissal from this case will not cause prejudice to it or any of the remaining parties.  Therefore, the Court has determined pursuant to Fed. R. Civ. P. 21 and the rulings of the Tenth Circuit in this matter that RIC be dropped as a party in this matter.  The Court finds that it has subject-matter jurisdiction over the remaining parties and their claims.

2295119.06

The parties have made application, pursuant to Fed. R. Civ. P. 23.1 for an order preliminarily approving the Settlement[1] of the Action, in accordance with the Stipulation and Settlement Agreement attached thereto (with exhibits), which sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein. The Court has reviewed the Stipulation and the Settlement Agreement attached as Exhibit 1 to the Stipulation together with its attached Exhibits (the "Settlement Agreement"), and the motion for preliminary approval of the Settlement made by the parties, and has heard and considered the arguments by counsel for the parties in favor of preliminary approval of the Settlement. The Court finds, upon preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Avalon and its shareholders and appears to be the product of good faith, informed, and non-collusive negotiations between experienced and able counsel for the parties. The Court also finds, upon preliminary evaluation, that the current Avalon shareholders should be apprised of the Settlement through the proposed form of Notice, allowed to file objections (if any) thereto, and allowed to appear at the Settlement Hearing.

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

---

[1] All capitalized terms not otherwise defined in this order shall have the same meanings as set forth in the Stipulation and the attached Settlement Agreement

1.      Ravenswood Investment Company, L.P. ("RIC"), is hereby dropped as a party pursuant to Fed. R. Civ. P. 21.  The Court has subject-matter jurisdiction over the dispute between the remaining parties.

2.      The Court does hereby preliminarily approve the Stipulation, including the Settlement Agreement, and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

3.      A Settlement Hearing shall be held before this Court on January 28, 2013, at 9:30 a.m., at the United States Courthouse, United States District Court, Western District of Oklahoma, 200 NW 4th Street, Courtroom 302, Oklahoma City, OK, 73102, to determine (a) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation and Settlement Agreement is fair, reasonable, and adequate to Plaintiff, Avalon, and Avalon's shareholders; (b) whether the proposed Settlement should be approved by the Court; (c) whether a Judgment as provided in the Stipulation and Settlement Agreement should be entered herein; and (d) the reasonable attorney's fees and costs to be awarded to Plaintiff's counsel.  The Court may adjourn the Settlement Hearing without further notice to Avalon shareholders.

4.      The Court approves, as to form and content, the Notice of Proposed Settlement of Shareholder Derivative Action and Hearing attached as Exhibit C to the Settlement Agreement and finds that the notice in the manner set forth in this paragraph meets the requirements of Fed. R. Civ. P. 23.1 and due process and shall constitute due and sufficient notice to Avalon shareholders.  Non-material changes to the form of the Notice may be made without further approval of the Court.  Avalon shall undertake the

administrative responsibility for, and shall pay the costs of, giving the Notice as set forth herein.

      i.    Within ten (10) business days, Avalon shall cause its Transfer Agent to distribute the Notice to current holders of the Common Shares of Avalon and to request that any brokerage firms, banks, and other persons send the Notice promptly to any beneficial owners for which they are record owners.

      ii.    At least seven (7) calendar days prior to the Settlement Hearing, counsel for Avalon shall file with the Court an affidavit of such service.

5.    Any current Avalon shareholder may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by counsel for Plaintiff Ravenswood Investments III, LP.

6.    Current Avalon shareholders may appear and show cause if he/she/it has any reason why the Settlement of the Action should or should not be approved as fair to Avalon and its shareholders, or why a Judgment should or should not be entered thereon; provided, however, that no current Avalon shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that person has filed written objections and copies of any papers or briefs with the Clerk of the United States District Court for the Western District of Oklahoma on or before January 14, 2013.

Any current Avalon shareholder who does not make his/her/its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the adequacy of the proposed Settlement as set forth in the Stipulation, unless otherwise ordered by the Court.

7.      The application for an award of reasonable fees and costs by all present and former Plaintiff's counsel, of record, including without limitation William C. Rand, Esq., shall be filed by January 2, 2013.  Defendants shall respond by January 16, 2013.

8.      All papers in support of the Settlement shall be filed seven calendar days prior to the Settlement Hearing.

9.      Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it shall be construed as an admission or concession by Plaintiff, Avalon, Avalon's shareholders, or Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

10.      The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Avalon shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Avalon shareholders.

11.      All proceedings in the Action, except those proceedings related to the Settlement, shall be stayed until the resolution of all such Settlement-related proceedings.

12.      Unless and until the Settlement is cancelled or terminated pursuant to the terms of the Settlement Agreement, neither Plaintiff nor any Avalon shareholder, either

directly, representatively, or in any other capacity, shall commence, prosecute, instigate, or in any way participate in any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Avalon Released Parties.

13.    Notwithstanding that the Court hereby finds that RIC is not an indispensable party, and that the case can proceed in its absence, if the Settlement Agreement is not approved at the Settlement Hearing, this order shall be vacated nunc pro tunc and the Court will decide the issue of  whether Ravenswood and RIC should be dismissed from this case based on the existing motion papers and any response filed by Defendants.

IT IS SO ORDERED this 29th day of November, 2012.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE