**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RAVENSWOOD INVESTMENTS III, L.P., <br><br> Plaintiff, <br><br> v. <br><br> AVALON CORRECTIONAL SERVICES, INC., TIFFANY SMITH and DONALD E. SMITH, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.  09-CV-00070-R <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER APPROVING SETTLEMENT AGREEMENT AND AWARDING LITIGATION EXPENSES

This matter came before the Court pursuant to the order of this Court, dated November 29, 2012 [Docket No. 164] (the "Preliminary Order"), on the application of the parties for approval of the Settlement set forth in the Agreed Motion to Drop Party and Stipulation and Agreement of Settlement [Docket No. 163] filed November 16, 2012 (the "Agreed Motion"), along with the Settlement Agreement and other exhibits attached thereto. The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefrom,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Order incorporates by reference the definitions in the Agreed Motion and the Settlement Agreement attached thereto as Exhibit 1, and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Agreed Motion and the attached Settlement Agreement.

2.	This Court has jurisdiction over the subject matter of this Action, including all matters necessary to effectuate the Settlement, and over all remaining parties to the Action, including Plaintiff and Defendants.

3.	Due and adequate Notice of the proposed Settlement has been given to the current Avalon shareholders as required in the Preliminary Order and no objections have been timely filed.

4.	Subsequent to the Notice, applications were filed by Plaintiff's present and former counsel seeking payment of the Litigation Expenses and the parties and the attorneys for the Plaintiffs have reach a settlement with regard to the amount of Litigation Expenses requested and how to distribute the Fee Pool.  Pursuant to their agreement as set forth in the Stipulation Concerning Fee Applications Filed by Present and Former Counsel of Ravenswood ("Stipulation") [Dkt. 181], the total amount reimburseble shall not exceed the lesser of the Great American Payment plus the Fee Pool or $765,460.52  Since the prior Notice provided that the Plaintiff's counsel would be paid an award of reasonable Litigation Expenses in an amount awarded by the Court that would not exceed $600,000, the Court finds that additional notice of the award of Litigation Expenses in a greater amount should be given as provided in this order.

5.	As between Plaintiff and Defendants, the parties are to bear their own fees and costs, except as otherwise provided in the Agreed Motion and attached Settlement Agreement and as otherwise ordered by the Court.

6. The Court finds that the Agreed Motion, including the Settlement Agreement, and the Settlement are fair, just, reasonable, and adequate as to Avalon, Avalon's shareholders, and Defendants.

7. Upon the Effective Date, Avalon (as nominal defendant) and Avalon's current Non-Management Shareholders shall be deemed to have and by operation of this Order shall have fully, finally, and forever released, acquitted, and forever discharged all Released Claims (including Unknown Claims) against the Released Parties, whether or not any such shareholder has executed a release. Plaintiff, Avalon's current Non-Management Shareholders, and Avalon (as nominal defendant) shall be deemed to have, and by operation of this Order, shall have waived all provisions, rights, and benefits conferred by any law, rule, or regulation of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides,

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

8. The Court finds that the Action was filed, prosecuted, and defended in good faith and in accordance with the applicable law and Federal Rules of Civil Procedure and is being settled voluntarily after consultation with competent legal counsel.

9. The Court finds that the Notice given to current Avalon shareholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreed

Motion and Settlement Agreement, to all persons and entities entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23.1 and the requirements of due process.

10. Neither the Agreed Motion, the Settlement Agreement attached thereto, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreed Motion, Settlement Agreement, or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Parties or any of them may file the Agreed Motion and/or this Order in related litigation as evidence of the Settlement, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusions or similar defense or counterclaim.

11. Subject to further reconsideration after review of any objections that may be asserted by any of Avalon's current shareholders after the Supplemental Notice is served as provided herein the Court hereby approves an award of Litigation Expenses to Plaintiff and each of the  Plaintiff's counsel.  The Court accepts the Stipulation of counsel and the parties as to the distribution of the Fee Pool as a fair and reasonable compromise which fully resolves any and all rights of any counsel or litigant for attorney's fees and/or

4

costs for participation in this matter.  In full and final satisfaction of any right to fees or expenses, the Litigation Expenses are to be reimbursed in the following amounts:

| Counsel | Total Fees and Costs Sought | Amount to be Paid Directly to Plaintiff | Amount to be Paid to Counsel |
|---|---|---|---|
| BSWB | $257,123.86 | $198,207.96 | $58,915.90 |
| Andrews Davis | $80,461.58 | $80,461.58 | $0 |
| Day | $203,506.08. | $57,351.02 | Up to $145,841.46 |
| Rand | $180,414.08 | $414.08 | Up to $180,000 |
| Plaintiff's Direct Payments to Third Parties | $43,954.92 | $43,954.92 | $0 |
| Total Requested Litigation Expenses | $765,460.52 | $390,389.56 | $375,070.96 |

12.     Provided that the Effective Date shall have occurred and this Order awarding the Litigation Expenses shall have become Final,   within 20 days after the date Ravenswood tenders it shares in accordance with the Settlement agreement, Avalon and its insurer are directed to make an initial payment on the Litigation Expenses awarded by this order to Plaintiff and each of Plaintiff's counsel in the amount of the Great American Payment plus the Fee Pool then existing based on the number of tendered shares as of that date.  Such initial payment shall be made as follows:

| BSWB | $58,915.90 |
|------|-----------|
| Day  | $72,335.38 |
| Rand | $130,000  |

Any remaining amount available for the initial payment, up to $380,703.16, shall be paid to Ravenswood. In the event that there are funds in the initial payment sufficient to pay Ravenswood $380,703.16, in full, then all additional amounts available for the initial paid shall be paid in equal shares to Rand and Day, subject to the limitation of the total amounts provided in paragraph 11 above. Within 20 days after the last day Non-Management Shareholders of Avalon are entitle to tender their shares pursuant to the Settlement Agreement, Avalon is directed to make a final payment of the balance of the Litigation Expenses awarded to Plaintiff and each of Plaintiff's counsel after application of the preliminary payment from and to the full extent of the remaining balance of the Fee Pool then existing based on any additional tender of shares since the initial payment, with such payment limited to the amounts of the Litigation Expenses awarded in this Order and as provided in the Settlement Agreement and the Stipulation regarding fees. In no event shall any party have any liability to pay any Litigation Expenses in excess of the Fee Pool.

13. The Court permanently bars and enjoins Plaintiff and Avalon's Non-Management Shareholders (including their predecessors, successors, and assigns) from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any of the Released Claims, either

6

directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

14.     The Court permanently bars and enjoins each and every member of the Avalon Group and of the Robotti Group (including their predecessors, successors, and assigns) from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

15.     Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over implementation of the Settlement and the Settling Parties for the purpose of construing, enforcing, and administering the Agreed Motion and the Settlement.

16.     Within ten (10) business days after the Effective Date, Avalon shall, at its own expense, cause its Transfer Agent to distribute the Offer to Purchase to each Non-Management Shareholder of Avalon Common Shares, as set forth in the Settlement Agreement.

17.     If the Effective Date fails to occur, then this Order shall be rendered null and void and vacated to the extent provided by and in accordance with the Agreed Motion and the Settlement Agreement and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreed Motion and the Settlement Agreement.

18. Avalon shall cause a Supplemental Notice in the form attached as Exhibit 1 to be served on all current Avalon shareholders advising them of the entry of this Order and the award of Litigation Expenses as provided herein on or before February 6, 2013. Any current Avalon shareholders may appear and show cause if he/she/it has any objection to the award of Litigation Expenses and the division of the Fee Pool as provided in the Stipulation should not be approved; provided, however, that no current Avalon shareholder shall be heard or entitled to contest the approval of the terms and conditions of this Order and the Award of Litigation Expenses unless that person has filed written objections and copies of any papers or briefs with the Clerk of the United States District Court for the Western District of Oklahoma on or before February 20, 2013. Any current Avalon shareholder who does not make his/her/its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the award of Litigation Expenses and the division of the Fee Pool as set forth in the Stipulation, unless otherwise ordered by the Court.

19. A hearing shall be held before this Court on February 28, 2013, at 9:00 a.m., at the United States Courthouse, United States District Court, Western District of Oklahoma, 200 NW 4th Street, Courtroom 302, Oklahoma City, OK, 73102, to consider any objections filed by any current shareholder of Avalon within the time specified above. If no objection is filed the hearing will not go forward and this Court shall enter Judgment in accordance with the terms of this Order and the terms of the Settlement Agreement without further hearing.

IT IS SO ORDERED this 28th day of January, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE