# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAVENSWOOD INVESTMENTS III, L.P., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| AVALON CORRECTIONAL SERVICES, INC., TIFFANY SMITH and DONALD E. SMITH, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 09-CV-00070-R

## FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

This matter came before the Court pursuant to the order of this Court, dated November 29, 2012 [Docket No. 164] (the "Preliminary Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement [Docket No. 163] (the "Stipulation") filed November 16, 2012, along with the Settlement Agreement and other exhibits attached thereto and upon the Order Nunc Pro Tunc Approving Settlement Agreement and Awarding Litigation Expenses [Docket 184] entered on January 28, 2013 (the "Interim Order"). Following entry of the Interim Order, Avalon provided additional notice to its current Non-Management Shareholders as required by the Interim Order. No objections to the proposed settlement pursuant to the terms of the Stipulation were timely filed by any party. Due and adequate Notice of the proposed Settlement having been given to the current Avalon shareholders as required in the Preliminary Order and the Interim Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefrom,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.     This Judgment incorporates by reference the definitions in the Stipulation and the Settlement Agreement attached thereto as Exhibit 1, and all capitalized terms herein shall have the same meanings as set forth in the Stipulation and the attached Settlement Agreement.

2.     This Court has jurisdiction over the subject matter of this Action, including all matters necessary to effectuate the Settlement, and over all remaining parties to the Action, including Plaintiff and Defendants.

3.     The Action against Defendants and all claims contained therein, as well as all of the Released Claims, are hereby dismissed with prejudice.  As between Plaintiff and Defendants, the parties are to bear their own fees and costs, except as otherwise provided in the Stipulation and attached Settlement Agreement and as ordered by the Court in the Interim Order.

4.     The Court finds that the Stipulation, including the Settlement Agreement, and the Settlement are fair, just, reasonable, and adequate as to Avalon, Avalon's shareholders, and Defendants.

5.     Upon the Effective Date, Avalon (as nominal defendant) and Avalon's current Non-Management Shareholders shall be deemed to have and by operation of this Judgment shall have fully, finally, and forever released, acquitted, and forever discharged all Released Claims (including Unknown Claims) against the Released Parties, whether or not any such shareholder has executed a release.  Plaintiff, Avalon's current Non-Management Shareholders, and Avalon (as nominal defendant) shall be deemed to have, and by operation of the Judgment, shall have waived all provisions, rights, and benefits conferred by any law, rule, or regulation of any state or territory of the United States or any other country, or principle of common or civil law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides,

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

6. The Court finds that the Action was filed, prosecuted, and defended in good faith and in accordance with the applicable law and Federal Rules of Civil Procedure and is being settled voluntarily after consultation with competent legal counsel.

7. The Court finds that the Notice given to current Avalon shareholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation and Settlement Agreement, to all persons and entities entitled to such notice, and said Notice fully satisfied the requirements of Fed. R. Civ. P. 23.1 and the requirements of due process.

8. Neither the Stipulation, the Settlement Agreement attached thereto, nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, Settlement Agreement, or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Parties or any of them may file the Stipulation and/or this Judgment in related litigation as evidence of the Settlement, or in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusions or similar defense or counterclaim.

9.     The Court permanently bars and enjoins Plaintiff and Avalon's Non-Management Shareholders (including their predecessors, successors, and assigns) from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

10.    The Court permanently bars and enjoins each and every member of the Avalon Group and of the Robotti Group (including their predecessors, successors, and assigns) from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

11.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over implementation of the Settlement and the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement.

12.    Within ten (10) business days after the Effective Date, Avalon shall, at its own expense, cause its Transfer Agent to distribute the Offer to Purchase to each Non-Management Shareholder of Avalon Common Shares, as set forth in the Settlement Agreement.

13.    If the Effective Date fails to occur, then this Judgment shall be rendered null and void and vacated to the extent provided by and in accordance with the Stipulation and the Settlement Agreement and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settlement Agreement.

IT IS SO ORDERED this 27th day of February, 2013.

*/s/ David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE